# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| CHARIS L. SEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-5047-CV-SW-FJG |
| | ) |
| FREEMAN HEALTH SYSTEM, and | ) |
| FREEMAN NEOSHO HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Stay of Proceedings to Enforce Judgment (Doc. # 73) and Plaintiff's Motion to Set Aside Judgment (Doc. # 74).

## I. BACKGROUND

On April 18, 2005, plaintiff filed her Complaint alleging that the defendants violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Equal Pay Act, Fair Labor Standards Act, Family and Medical Leave Act, Age Discrimination in Employment Act, Title VII and Title IX of the Civil Rights Act of 1964. On January 29, 2006, the parties discussed settlement on three different occasions. On February 3, 2006, defendants filed a Motion to Enforce the Settlement Agreement. On April 26, 2006, the Court granted defendants' Motion to Enforce the Settlement Agreement. Plaintiff has now moved pursuant to Fed.R.Civ.P. 60 to have the Judgment set aside.

## II. STANDARD

Fed.R.Civ.P. 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party on a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## III. DISCUSSION

Plaintiff advances four arguments why the Court should set aside the judgment. Plaintiff first argues that her counsel has been contacted by an investigator for the Department of Health and Human Services requesting documents and testimony related to plaintiff's allegations that the defendants violated the Health Insurance Privacy and Portability Act. Plaintiff's counsel states that she has discussed this with counsel for defendants who advised her that he would consider any communication with HHS to be a violation of the terms of the settlement agreement. Defendants note that the HHS investigation is not a new fact and plaintiff admits that she made the complaint to HHS in 2005. Therefore, defendants argue that plaintiff knew or should have known that she would be called upon by HHS to give additional information regarding any alleged HIPPA violation before she began negotiating the settlement of her lawsuit with defendants. Additionally, defendants note that plaintiff admits that the HHS investigation can proceed without her involvement. (Plaintiff's Motion to Set Aside Judgment, p. 3 ¶ E). The fact that an investigator has recently contacted plaintiff regarding her complaint does not fall into any of the Rule 60 (b) categories noted above.

2

Accordingly, the Court does not find that this fact justifies setting aside the judgment.

Secondly, plaintiff argues that defendants filed their Motion to Enforce the Settlement after 4:00 p.m. and thus it should not have been considered as it was untimely. Plaintiff's counsel refers to a statement in the Scheduling and Trial Order that all pleadings must be filed before 4:00 p.m. on the date that they are due. The Court addressed this argument in ruling on defendant's Motion to Enforce and specifically found that the Motion was timely filed because the deadline applies only to those pleadings which the Scheduling Order references. It does not apply to unanticipated motions such as the instant one. This also does not justify vacating the judgment.

Plaintiff also argues that the Judgement should be set aside because the Court did not hold a hearing on the motion to enforce. Plaintiff's counsel states that she was initially informed that a hearing would be held, but the motion was then ruled without a hearing being conducted. Plaintiff in her reply suggestions admits that a hearing is discretionary. However she states that in order to determine what occurred and whether or not a settlement was reached, the Court should judge the credibility of the parties from their testimony. The Court also does not find that this is a reason for vacating the judgment. As plaintiff notes, whether to hold a hearing is within the discretion of the Court. In this case, there were extensive emails exchanged between the parties. Based on the emails and the parties' briefing on the issue, the Court did not feel that a hearing was necessary in order to rule on the motion.

Plaintiff next argues that the failure of the parties to reach an agreement on the Workers Compensation claim is a reason the judgment should be vacated. In her reply suggestions, plaintiff acknowledges however that defendants have expressed a

3

willingness to finalize issues regarding the workers' compensation case. Plaintiff's counsel notes that she has submitted to defendants a settlement agreement which acknowledges that the Workers Compensation case has not settled, but which makes provisions for the resolution of that case. The Court finds that this is a minor issue which can still be worked out by the parties. The fact that the parties left this issue to be resolved, does not justify vacating the judgment. In Kenner v. City of Richmond Heights, Missouri, 356 F.Supp.2d 1002, 1007-08 (E.D.Mo. 2005), the Court stated:

> In order for a settlement agreement to be enforceable, the parties must have reached agreement on the essential terms of the deal. Sheng v. Starkey Laboratories, 117 F.3d. at 1083 [8th Cir. 1997); Sheng v. Starkey Laboratories, 53 F.3d 192, 194 (8th Cir.1995); MIF Realty [92 F.3d 752, (8th Cir.1996)], at 756. Even if the parties have left some details for counsel to work out through further negotiation, a legal, valid settlement agreement still exists. Sheng v. Starkey Laboratories, 117 F.3d. at 1083; Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir.1985); see also, Nwachukwu v. St. Louis University, 114 Fed.Appx. 264 (8th Cir.2004)(unpublished opinion holding that a valid settlement agreement existed "even though the final agreement contained more expansive or additional clauses related to confidentiality, release of liability, disclaimer of fault, nondisparagement, and reinstatement or reemployment") . . .; Johnson v. Dobson, et. al., 230 F.3d 1363 (8th Cir.2000)(unpublished opinion holding that the "parties entered into a valid, oral, global-settlement agreement on May 14, notwithstanding minor later-resolved issues."); Vulgamott v. Perry, 2004 WL 2792193 (Mo.App. Dec.7, 2004)(unpublished opinion finding that "[a] contract will be valid and enforceable even if some terms may be missing or left to be agreed upon as long as the essential terms are sufficiently definite to enable the court to give them exact meaning.").

In the instant case, even though the parties did not finalize the workers' compensation issue, the court finds that they still came to an agreement to settle the case in principal. Therefore, the Court does not find that this is a reason to vacate the judgment.

The final reason that plaintiff seeks to have the judgment vacated is because

4

there was no meeting of the minds and also because defendants have presented plaintiff's counsel with a settlement agreement which is different than the agreement which was discussed in the original motion to enforce. Plaintiff's counsel states that despite communications with the defendants' counsel regarding the terms of the agreement, plaintiff does not have a settlement agreement which fully resolves the issues in the case. The Court finds that plaintiff's counsel has failed to present any new facts demonstrating that the parties did not reach an agreement to settle the case in principal on January 29, 2006. As was discussed above and noted in the previous order granting the Motion to Enforce the Judgment, the fact that some details were left for later negotiation or that the defendants have now modified the agreement does not change the fact that the parties agreed in principal to settle the case. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Set Aside the Judgment (Doc. # 74) and **DENIES** plaintiff's Motion for a Stay of Proceedings to Enforce Judgment (Doc. # 73).

Date: November 20, 2006      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge