# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| CHARIS L. SEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-5047-CV-SW-FJG |
| | ) |
| FREEMAN HEALTH SYSTEM, and | ) |
| FREEMAN NEOSHO HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Pay Settlement Proceeds into Court (Doc. # 80).

## I. BACKGROUND

On February 3, 2006, defendants filed a Motion to Enforce a Settlement Agreement. The Court granted this motion on April 26, 2006 and entered judgment in the case. On May 5, 2006, plaintiff filed a Motion to Stay Proceedings to Enforce Judgment Pursuant to Fed.R.Civ.P. 62 as well as a Motion to Set Aside the Judgment pursuant to Fed.R.Civ.P. 60. The Court denied these motions and judgment was again entered in the case. Defendants state that they have made numerous attempts to finalize this settlement. They state that a settlement agreement was presented to plaintiff's counsel and that changes requested by her were incorporated into the agreement. Defendants' counsel state that they have repeatedly contacted plaintiff's counsel requesting that the Settlement Agreement be executed[1]. However, eight

---

[1] The Court in unsure why the parties would be attempting to finalize or make changes to the settlement agreement after the Court granted the Motion to Enforce. Plaintiff is not required to sign the Settlement Agreement and the terms of the Settlement are contained in the Court's Order of April 26, 2006.

months later they state the Agreement has still not been signed.  Defendants state that they are ready to tender the settlement proceeds and are seeking leave to deposit this money with the Court.

Plaintiff's counsel states that the unreimbursed amount due for court reporter fees is larger than what defendant is representing.  Plaintiff's counsel also states that she has attempted to contact counsel for defendants but has been unsuccessful.

In reply, defendant states that as part of the settlement agreement, they agreed to pay all outstanding court reporter fees.  On the date the defendants filed their Motion, the information that was available indicated that the court reporter fees were $2,123.40.  Since the date of their motion, defendants state that plaintiff's counsel has provided them with two different totals for the fees.  Defendants state that they are ready willing and able to do what they agreed to do and pay any outstanding court reporter fees.

Fed.R.Civ.P. 67 states in part:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. . . .

In <u>Suraleb, Inc. v. Production Ass'n. "Minsk Tractor Works" Republic of Belarus</u>, No. 06 C 3496, 2007 WL 551568, (N.D. Ill. Feb. 20, 2007), the Court stated:

> The purpose of the rule is to relieve the depositor of responsibility for *disputed* funds (and perhaps, for interest thereon) while the parties litigate ownership of the funds. . . . Here, however, there is no dispute as to the funds.  The Court has *already* entered a judgment requiring MTW to pay Suraleb more than 3.2 million. . . . Where, as here, there is *no dispute* as to the funds, courts have exercised their discretion to decline to accept the funds into the Court registry.  <u>See</u> <u>Engineered Medical Sys., Inc. v. Despotis</u>, Case No. 05 C 170, 2006 WL 1005024 (S.D. Ind. April 14, 2006)(refusing to accept undisputed funds into court registry); <u>D'Angelo v. McKinney Towing, Inc.</u>, Case No. 89-2520, 1990 WL 223013 (E.D.La.

2

Dec. 14, 1990)(refusing to accept undisputed funds into court registry). Id. at *2.

Similarly, in the instant case, there is no dispute as to the funds. Defendants agreed to pay all of the Court reporter expenses. The Court also found that the parties had entered into a binding agreement to settle the case for $7,500.00. Although the parties may be confused regarding the exact amount of the court reporter fees or to whom the payment should be made, this does not mean that there is a dispute as to these funds.

Accordingly, plaintiff's counsel is hereby **ORDERED** to submit to defendants' counsel on or before **April 6, 2007** a list of all outstanding court reporter costs. Defendants are directed to send to plaintiff's counsel a check on or before **April 13, 2007**. The Court hereby **AMENDS** its previous Order of April 26, 2006, to state that plaintiff's Complaint is **DISMISSED** with **prejudice.** The Court will retain jurisdiction over this case to enforce the terms of the settlement. Defendant's Motion to Pay Settlement Proceeds into Court is hereby **DENIED** (Doc. # 80).

Date: 3/23/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge